27 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. JACKSON, Jr., Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-3479.
 United States Court of Appeals, Sixth Circuit.
 June 20, 1994.
 
 Before: JONES, Circuit Judge; WELLFORD, Senior Circuit Judge; and ENSLEN*, District Judge.
 PER CURIAM.
 
 
 1
 Robert Jackson ("Jackson") filed an application for a period of disability and disability insurance on May 27, 1988. He claimed that he became disabled on July 7, 1985 because of problems with his left wrist and hand. An ALJ determined that Jackson was not under a disability. The Appeals Council vacated the ALJ's decision because it found that the vocational expert admitted that she could not identify the number of jobs which Jackson was qualified to perform. The ALJ conducted a supplemental hearing at which Jackson and a vocational expert testified. The ALJ found that Jackson was not disabled. The Appeals Council affirmed the ALJ's decision. Jackson then appealed to the district court for judicial review. The magistrate judge found that Jackson was not disabled and this report and recommendation was adopted by the district court.
 
 
 2
 The ALJ made the following findings of fact which were adopted by the magistrate judge and the district court:
 
 
 3
 1. The claimant met the disability insured status requirements of the Act on July 7, 1985, the date the claimant stated he became unable to work, and continues to meet them through December 31, 1991.
 
 
 4
 2. The claimant has not engaged in substantial gainful activity since the alleged onset date.
 
 
 5
 3. The medical evidence establishes that the claimant has chronic ulnar neuropathy, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.
 
 
 6
 4. The claimant's complaints of pain and functional limitation are substantially credible only insofar as they are consistent with the residual functional capacity identified in Finding No. 5 below; however, the Administrative Law Judge does note that the claimant's left upper extremity complaints are sufficiently credible that the Administrative Law Judge concludes that the claimant has very little functional use of the left arm and hand except as an assisting or helping device to the right upper extremity in lifting.
 
 
 7
 5. The claimant has the residual functional capacity to perform the physical exertion and nonexertional requirements of work except for work requiring lifting of greater than 20 pounds maximum and lifting and carrying of up to 10 pounds frequently; he cannot use his left arm or hand except to help his right arm in lifting. Further, he is restricted from exposure of the left hand to cold temperatures.
 
 
 8
 6. The claimant is unable to perform his past relevant work as a core fitter, pipe fitter, or plumber/pipe fitter.
 
 
 9
 7. The claimant is 52 years old, which is defined as approaching advanced age (20 CFR Sec. 404.1563).
 
 
 10
 8. The claimant completed the equivalent of a high school education (20 CFR Sec. 404.1564).
 
 
 11
 9. Based on an exertional capacity for light work, and claimant's age, education, and work experience, Section 404.1569 and Rule 202.14, Table No. 2, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."
 
 
 12
 The ALJ based his decision on the testimony of Jackson's physician, agency physicians, and a vocational expert.
 
 
 13
 The Appeals Council affirmed the ALJ's decision. Jackson then appealed the Secretary's decision to the district court. The matter was referred to a magistrate judge who concluded there was substantial evidence to support the decisions under review. The district court adopted the report and recommendation of the magistrate. A review of the facts and applicable law demonstrates that substantial evidence supports the ALJ's findings and we affirm the denial of disability insurance benefits.
 
 
 14
 Jackson claims he is not capable of performing light work. In reviewing the ALJ's decision denying benefits, this court will affirm if the findings are supported by substantial evidence. Walker v. Secretary of Health and Human Services, 980 F.2d 1066, 1070 (6th Cir.1992). " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). We review the record as a whole when determining the existence of substantial evidence. Kirk, 667 F.2d at 536.
 
 
 15
 In order to prevail, Jackson must demonstrate that he is unable to engage in any substantial gainful activity by reason of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. Sec. 423(d)(1)(A). If a claimant is not found to have an impairment which significantly limits his ability to work, then he is not disabled. 20 C.F.R. Sec. 404.1520(c).
 
 
 16
 If the claimant is not working and has a severe impairment, it must be determined if he suffers from one of the "listed" impairments. 20 C.F.R. Sec. 404.1520(d). In the case at bar, the ALJ determined that Jackson did not suffer from one of the listed impairments. We find no error in this finding. The next step of inquiry is whether the claimant can return to his previous job. 20 C.F.R. Sec. 404.1520(e). The ALJ and the Secretary determined that he could not. Accordingly, the burden then shifted to the Secretary to establish Jackson's ability to perform other work. Born v. Secretary of Health and Human Services, 923 F.2d 1168, 1173 (6th Cir.1990). The Secretary must prove that, taking into account present job qualifications such as age, experience, education and physical capacity, and the existence of jobs to match those qualifications, a claimant retains the capacity to perform a different kind of job. 20 C.F.R. Sec. 404.1520(f)(1). The ALJ and the Appeals Council determined that Jackson has the physical capacity to perform light work. Accordingly, we must determine whether substantial evidence supports this finding. Reviewing the record, substantial evidence supports the findings of the ALJ and the Appeals Council.
 
 
 17
 Dr. Naomi Waldbaum, Jackson's treating physician, found that although he had reducible clawing of the left fingers and weakness in the left hand, poor grasp, pinch and manipulative function and atrophy in the left forearm, he did not have any tenderness, heat swelling, redness, contracture, thickening, or instability. Dr. Waldbaum found that Jackson could use his left hand as a "helping hand" for his right hand. Dr. Waldbaum found that Jackson's right hand and upper extremities functioned normally. Dr. William Fitz, a physician who examined Jackson for the Secretary, found that Jackson could lift 20 lbs. or more and frequently lift and carry 10 lbs. Jackson did not contradict these findings except for his belief he could lift only fifteen pounds. Since the findings that Jackson can perform light work are supported by substantial evidence, we will affirm.
 
 
 18
 The Secretary must also prove that, taking into account present job qualifications such as age, experience, education and physical capacity, and the existence of jobs to match those qualifications, a claimant retains the capacity to perform a different kind of job. 20 C.F.R. Sec. 404.1520(f)(1). The ALJ and the Appeals Council determined that, based on the testimony of a vocational expert, there was a significant number of jobs available to Jackson. Reviewing the record, substantial evidence supports the findings of the ALJ and the Appeals Council as to the availability of work Jackson can perform.
 
 
 19
 According to Born v. Secretary of Health and Human Services, 923 F.2d 1168, 1174 (6th Cir.1990), the decision of what constitutes a "significant" number of jobs "must be made on a case-by-case basis and ultimately must be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation." In the case at bar, a vocational expert testified that Jackson was capable of performing work as an inspector of electrical equipment or as a paint spray inspector. The vocational expert stated that in "Cuyahoga County there are 500 establishments in fabricated metal products and 26,814 employees and nationally there are 35,388 establishments with 1,499,318 employees" and that these jobs are considered "unskilled light" jobs. Based on the findings of the Secretary's physician, which were uncontradicted by Jackson's physician, Jackson could perform these jobs. Based on the vocational expert's testimony, the ALJ determined that "these jobs exist in significant numbers in the national economy."
 
 
 20
 While we are sympathetic to Jackson's physical limitations, we must follow the established statutory scheme and precedent in reviewing a claim for disability benefits that has been previously denied. We find substantial evidence to support the decision of the Secretary. Accordingly, we AFFIRM.
 
 
 
 *
 THE HONORABLE RICHARD A. ENSLEN, United States District Judge for the Western District of Michigan, sitting by designation